# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL EX REL. JEFFREY MISSAL, <br> Petitioner, | DOCKET NUMBER <br> CB-1208-17-0025-U-9 |
| v. | DATE: July 24, 2018 |
| DEPARTMENT OF THE INTERIOR, <br> Agency. | |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 90-day extension of the previously granted stay of Mr. Missal's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal. For the reasons discussed below, OSC's request is GRANTED IN PART, and the stay is extended through September 10, 2018.

## BACKGROUND

¶2        As properly described in the September 15, 2017 Order on Stay Extension Request, Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016, based on a charge of misconduct. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Order on Stay Extension Request, ¶ 2 (Sept. 15, 2017). On July 28, 2017, OSC requested a 45-day initial stay of Mr. Missal's removal. *Id.* OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On August 2, 2017, OSC's initial stay request was granted. *Id.* On September 15, October 26, and December 8, 2017, and on January 19, March 13, April 24, and June 7, 2018, separate 45-day extensions of the stay were granted such that the stay is in effect through July 27, 2018. *Id.*, ¶ 10; *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-8, Order on Stay Extension Request, ¶¶ 1-2, 7 (June 7, 2018).

¶3        On July 12, 2018, OSC filed a timely request to extend the stay for an additional 90 days. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-9, Stay Request File (U-9 SRF), Tab 1. The agency has not opposed the request.

## ANALYSIS

¶4        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the

Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may extend the period of a stay for any period that it considers appropriate.[2] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5        In its request for an eighth extension, OSC asserts that it has completed its investigation, sent a prohibited personnel practice report to the Secretary of the Interior on October 12, 2017, received the agency's response to the report on June 11, 2018, and the evidentiary record has not changed materially during the stay. U-9 SRF, Tab 1 at 2-3, 7. OSC claims that the agency has declined to take corrective action because it disputes that the agency officials who were responsible for Mr. Missal's removal had knowledge of his protected disclosures and because the agency contests OSC's analysis of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). U-9 SRF, Tab 1 at 3, 7. OSC further claims that, in light of the agency's response, it is reviewing the evidentiary record and conducting a limited investigation that will involve interviewing five witnesses. *Id.* at 4, 7. In addition, OSC asserts that it needs more time to prepare and file a petition for corrective action with the Board, and that it is in the process of transcribing interviews for such corrective-action proceedings. *Id.* at 4. OSC concludes that a stay is necessary to reduce Mr. Missal's hardship and it requests that he be held harmless during the resolution of his complaint. *Id.* at 4, 7. Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed

---

[2] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017), *as amended by* Pub. L. No. 115-91, Sec. 1097(j), 131 Stat. 1283, 1625 (Dec. 12, 2017).

materially since the initial stay was granted, an extension of the stay is appropriate. *See Waddell*, 104 M.S.P.R. 141, ¶ 6.

¶6 The length of the extension requires a separate determination. *Id.*, ¶ 7. Here, OSC did not file its initial stay request until 18 months after the effective date of Mr. Missal's removal. *See Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant an extension of a stay). Moreover, the stay has been in effect since August 2, 2017, and has been extended continuously since that time pursuant to seven separate extension requests from OSC, each of which the Board granted.[3] *See Special Counsel ex rel. Jacobs v. Department of Justice*, 81 M.S.P.R. 493, ¶ 7 (1999) (considering the amount of time the stay had been in effect in deciding to grant an extension of a stay). Thus, OSC has had more than 11 months to determine whether it is going to pursue corrective action in this case. Although the agency has not opposed OSC's extension request, stays under 5 U.S.C. § 1214(b)(1) were not meant to be extended for prolonged periods of time, and the Board has an obligation to press OSC to present any corrective action case in a timely manner. *Special Counsel v. Small Business Administration*, 72 M.S.P.R. 306, 310 (1996) (citing *Special Counsel v. Federal Emergency Management Agency*, 44 M.S.P.R. 544, 546-47 (1990)).

¶7 Based on the foregoing, and considering that OSC has had more than 1 month to contemplate the agency's June 11, 2018 response to the prohibited personnel practice report and to conduct any additional interviews, a 90-day extension would be inappropriate. Instead, a 45-day extension is appropriate. *See Special Counsel v. Department of the Interior*, 68 M.S.P.R. 266, 269-70 (1995) (granting a 45-day extension of the stay for OSC to prepare and file a petition for corrective action with the Board). Thus, OSC's request is granted in

---

[3] The agency has not opposed the last five extension requests from OSC.

part. It is expected that this will provide adequate time for OSC to finalize its limited investigation and to prepare and file a petition for corrective action with the Board, at which time OSC could petition the Board for an indefinite stay. *See Special Counsel ex rel. Perfetto v. Department of the Navy*, 84 M.S.P.R. 659, ¶¶ 10-12 (2000) (denying a request for a fourth stay extension when, among other things, OSC failed to explain why it would need more than 5 days to file a petition for corrective action with the Board); *see also Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 454, ¶¶ 4, 15, 25 (2000) (granting an indefinite extension of the stay, after previously granting several prior extensions, when OSC had filed a petition for corrective action).

## ORDER

¶8        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 45-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on August 2, 2017, is extended through and including September 10, 2018, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes to Mr. Missal's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for a further extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended,[4] and 5 C.F.R. § 1201.136(b) must be

---

[4] *See supra* n.2.

received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before August 26, 2018; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before September 2, 2018.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.